(No. 3095— 

OTTO J. BLAHA, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 23, 1941.*

NASH, AHERN, MCDERMOTT, MCNALLY & KILEY AND MICHAEL M. PHILLIPS, for claimant.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

The complaint charges that on the 1st day of June, 1936, claimant was in the employ of the State of Illinois, in the office of the Auditor of Public Accounts, in the Division of Building and Loan Association as a State Examiner, it being his duty to examine books and records of Building and Loan Associations and to travel through the State on behalf of the State in the counties of Cook, Kane and Lake, for the aforesaid purpose. That while so employed, it became necessary for the claimant to go upon an errand for and on behalf of his employer, which errand took him along and upon LaSalle Street in the City of Chicago, and that adjacent to the building, which is upon the aforesaid street, known and described as 100 North LaSalle Street, was a public sidewalk which was used by the general public. The building at 100 North LaSalle was owned and operated by the Reywall Building Corporation. That at all times both prior to and at the time of the occurrence of the accident, claimant was in the exercise of due care and caution for his own safety. That at the time mentioned claimant was on LaSalle Street it was the duty of the aforementioned owner of the building to equip, maintain, control, manage, operate and use the said public building so as not to injure one rightfully upon the sidewalk, but notwithstanding that duty, the owner of the building improperly equipped, maintained, controlled, and managed it so that a certain glass window was caused to and did actually fall from the sixth floor of the building and struck the claimant with great force and violence and caused severe injuries to claimant, and claimant has filed his claim against respondent for the sum of $25,000.00.

The facts set forth in the complaint are that of an action in common law, but the State is not liable under our Constitution for an action of that kind, and the claimant, being in the employ of the Auditor of Public Accounts, we have taken the complaint as that of a petition under the Workmen's Compensation Act. However, it does not appear from the complaint that notice of the accident was ever given to the respondent

or any claim for compensation made prior to the filing of the complaint herein. Under Section 24 of the Compensation Act notice of the accident should be given within 30 days after the accident. This was not done, and this court has no jurisdiction to entertain a claim for an award for compensation to an injured State employee unless it is shown that notice of the accident was given within thirty days after the accident, and claim for compensation made within six months from the time of the accident.

*Inland Rubber Co.* vs. *Industrial Comm.*, 309 Ill. 43;
*Moustgaard* vs. *Industrial Comm.*, 332 Ill. 386.
and numerous other authorities.

No notice having been given, and no claim for compensation having been made within the time required by law, the motion to dismiss must be allowed and the claim dismissed.